UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JULIUS STEVENS,

       Petitioner,

v.                        Case No: 5:13-cv-161-Oc-29PRL

WARDEN, FCC COLEMAN - MEDIUM,

       Defendant.

_____

**OPINION AND ORDER**

    This case is before the Court upon review of Petitioner Julius Stevens' ("Petitioner's") habeas corpus petition filed pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner is an inmate currently confined at the Federal Correctional Institution in Coleman, Florida.  Petitioner brings this action to challenge the 262-month sentence imposed by the United States District Court for the Southern District of Florida on his conviction for conspiracy to possess with the intent to distribute cocaine and marijuana.

    After reviewing the pleadings filed in this case and in Petitioner's underlying criminal case, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241.

    **I.**   **Background**

    In 1999, Petitioner pleaded guilty to conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (SDFL Case No. 1:99-cr-63-WPD-14 at

docket entry 562).[1]  The offense involved at least 50 grams, but less than 150 grams, of cocaine base (Cr. D.E. 1403); Stevens v. United States, 466 F. App'x 789 (11th Cir. 2012).  Petitioner was sentenced as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(b) to a term of 262 months in prison and five years of supervised release (Cr. D.E. 571); Stevens, 466 F. App'x at 790.

Petitioner filed a direct appeal, which was dismissed on the ground that his plea agreement included a valid and enforceable appeal waiver (Cr. D.E. 976).  Subsequently, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, in which he argued that he was actually innocent of being a career offender because his underlying Florida conviction for possession of cannabis no longer qualified as a controlled substance offense for enhancement purposes (Cr. D.E. 1499); Stevens, 466 F. App'x at 790.  The district court acknowledged that Petitioner's prior conviction might no longer support the career-offender designation, but found that Petitioner had procedurally defaulted the claim by failing to raise it at sentencing or by timely filing his § 2255 motion (Cr. D.E. 1511). The court noted that Salinas v. United States, the case relied upon by Petitioner to support his § 2255 motion, had not been given retroactive effect; that the Eleventh Circuit had yet to hold that

---

[1] References to docket entries in Petitioner's underlying criminal case (SDFL Case No. 1:99-cr-630WPD-14) will be cited as (Cr. D.E. _____).

an "actual innocence" argument could apply to a career-offender designation; and that Petitioner had not alleged grounds for equitable tolling of the § 2255 statute of limitations. Id. Accordingly, the motion was dismissed as time-barred. Id. Petitioner appealed, and the Eleventh Circuit affirmed, noting that the "actual innocence of sentence exception" to excuse procedural deficiencies was inapplicable in Petitioner's case because Petitioner's arguments centered only on the legal classification of his underlying offense. Stevens, 466 F. App'x at 792 (citing McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011)).

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 29, 2013 (Doc. 1). Petitioner argues that the enhanced sentence he received under U.S.S.G. § 4B1.1 is unconstitutional in light of the United States Supreme Court's holdings in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), Johnson v. United States, 559 U.S. 133 (2010), and Salinas v. United States, 547 U.S. 188 (2006) (Doc. 1 at 2-3). Specifically, Petitioner asserts that the court erroneously relied upon a non-qualifying prior conviction for enhancement. Id. at 3. Petitioner asks this Court to vacate his sentence and order the case back to the district court for resentencing. Id. at 25.

Respondent contends that this Court should not consider the petition because Petitioner was previously denied habeas relief on the same grounds (Doc. 5 at 3). Respondent also contends that this

Court lacks jurisdiction to address Petitioner's claims on the merits because Petitioner was not sentenced in excess of the statutory maximum for his crime of conviction. Id. at 5-6.

**II.  <u>Analysis</u>**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims that it was improperly enhanced.  Ordinarily, an action in which an individual seeks to collaterally attack his conviction or sentence should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003).  However, because Petitioner's previous § 2255 motion was denied by the court that imposed his sentence, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Title 28 U.S.C. § 2255(e)(the "savings clause") expressly

limits the circumstances under which a § 2241 motion may be filed. However, Petitioner asserts that he properly filed this motion under § 2241 because he disagrees with Eleventh Circuit precedent requiring him to meet certain conditions before this Court has jurisdiction to consider the merits of sentencing claims filed under the savings clause (Doc. 1 at 4-8).

>    ***a.   The savings clause provision of 28 U.S.C.
>          § 2255(e) has limited application to claims
>          of sentencing error***

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added).

Where, as here, a petitioner challenges only a "fundamental defect in sentencing," he must show the following before he may invoke § 2255(e)'s saving clause: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned

circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; and (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. Bryant v. Warden, FCC Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013) (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)).  This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims.  Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.").

Applying the Bryant factors to Petitioner's claim, this Court concludes that he has not met the threshold requirements for opening a portal to § 2241 review. Specifically, Petitioner was not sentenced in excess of the statutory maximum for the crime of which he was convicted.

> **b.   Petitioner was not sentenced in excess of the statutory maximum for his crime of conviction**

In Gilbert v. United States, the Eleventh Circuit defined the "statutory maximum sentence" as the "punishment ceiling beyond which

no defendant convicted for committing that particular crime may be sentenced regardless of the circumstances of the crime, regardless of the defendant's history, and regardless of the sentencing guidelines." 640 F.3d at 1306.   In Bryant, the Eleventh Circuit recognized that there is a "significant distinction" between a sentence that exceeds the statutory maximum and a sentence that, "although enhanced by application of mandatory sentencing guidelines, remains within the permitted statutory maximum penalty." 738 F.3d at 1284.   The court concluded that statutory maximum sentences "take precedent" over sentences set forth in the sentencing guidelines because they are "more bedrock, fundamental features of sentences." Id. at 1285.

Petitioner pleaded guilty to conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1).   Although Petitioner now argues that he was sentenced in excess of the statutory maximum because the indictment did not charge a specific drug quantity, his Presentence Investigation Report ("PSR") indicated that the offense involved at least fifty grams of cocaine (Doc. 1 at 21).   Petitioner did not object to the PSR on this basis (Cr. D.E. 548).   Moreover, in his motion to reduce sentence pursuant to 18 U.S.C. § 3582, Petitioner conceded that the offense involved at least 50 grams, but less than 150 grams, of cocaine base (Cr. D.E. 1403); Stevens v. United States, 466 F. App'x 789(11th Cir. 2012).   Finally, in its affirmance of the

sentencing court's denial of Petitioner's 18 U.S.C. § 3582(c)(2) motion, the Eleventh Circuit noted:

> Stevens pled guilty in 1999 to conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. Stevens was held accountable for at least 50 grams of crack cocaine, which set his base offense level at 32 under U.S.S.G. § 2D1.1(c). His qualification as a career offender under U.S.S.G. § 4B1.1, however, elevated his base offense level to 37 and his criminal history category to VI. After subtracting three levels for acceptance of responsibility and timely notification of his intention to plead guilty, Stevens's total offense level was 34 and his sentencing range was 262 to 327 months of imprisonment. The court sentenced him to the low-end range of 262 months in prison.

United States v. Stevens, 324 F. App'x 816, 816 (2009).  At the time of Petitioner's sentencing, the statutory maximum sentence for a conviction under § 841(a)(1) involving at least fifty grams of a substance containing cocaine base was life in prison. 21 U.S.C. § 841(b)(1)(A)(iii).[2]

Because Petitioner received a sentence of 262 months for his conviction under § 841(a)(1), he was not sentenced in excess of the statutory maximum and cannot bring this claim under the savings clause. See Gilbert 640 F.3d at 1323 ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim

---

[2] Title 21 U.S.C. § 841(b) was amended in 2010 to increase, to 280 grams, the quantity of cocaine base necessary to warrant the life maximum. The current statutory maximum for a crime involving at least fifty grams of cocaine base is now forty years in prison. See 21 U.S.C. § 841(b)(1)(B)(iii) (2014).

. . . that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."; Bryant, 738 F.3d at 1288 ("[A]ny challenge to a sentence that is already *below* the statutory maximum could not open the § 2255(e) portal.") (emphasis in original).

### III. Conclusion

Because Petitioner was not sentenced in excess of the statutory maximum for his crime of conviction, he cannot bring this claim under the savings clause of 28 U.S.C. § 2255(e), and this Court lacks jurisdiction to consider the petition.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Julius Stevens is **DISMISSED** as an improper filing under § 2241; and

2. The Clerk is directed to enter judgment against Stevens, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___31st___ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 3/31/14
Copies: Julius Stevens
Counsel of Record